```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**DWAYNE LAMONT JOHNSON, #302205,**

        **Petitioner,**

**v.**                                                        **2:05CV510**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

On September 24, 2001, in the Circuit Court of New Kent County, petitioner was convicted of capital murder and conspiracy to commit capital murder. Petitioner was sentenced to serve life without possibility of parole and twenty years imprisonment on the respective counts. Petitioner appealed his conviction to the Virginia Court of Appeals, alleging the following grounds:

    1.    The trial court erred by refusing to admit into evidence a statement by the prosecutor before the court in a co-defendant's case as a party admission:

    2.    The trial court erred by denying petitioner's motion to dismiss the charge of conspiracy to commit capital murder as violative of petitioner's rights against double jeopardy; and

   3. The evidence was insufficient to support the conviction for murder.

On May 15, 2002, the appeal was denied by a single judge, and on October 9, 2002, a three-judge panel denied the appeal. Petitioner appealed to the Supreme Court of Virginia, but on March 17, 2003, the appeal was refused.

  On April 27, 2003, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging the following grounds:

   1. Trial counsel was ineffective for failing to object on the basis of bias to an all white jury;

   2. Trial counsel was ineffective for failing to grant petitioner's request to have Henry Barnes testify for petitioner; Barnes' testimony would have demonstrated that Brandon Smith's testimony was unreliable;

   3. The trial court erred by refusing to admit as a party admission the prosecutor's statement in another proceeding that he did not believe Brandon Smith's testimony on the issue of who the shooter was;

   4. The trial court erred by refusing to dismiss the conspiracy to commit capital murder charge in the face of the conviction of the underlying capital murder because the conviction violated double jeopardy;

   5. The trial court erred by failing to find the evidence insufficient as a matter of law to support the conviction;

   6. Counsel was ineffective for failing to advise petitioner about the twenty-one day rule on newly discovered evidence; trial counsel failed to present Brandon Smith's affidavit and advised petitioner to file a habeas petition alleging ineffective assistance of counsel;

   7. If counsel had presented the mitigating evidence of Henry Barnes' testimony and the newly discovered affidavit of Brandon Smith the outcome of the proceeding would have been different;

   8. Petitioner's sentence of life in prison without possibility of parole is cruel and unusual punishment;

      9.    Petitioner's right to a fair trial was violated when the court refused counsel's request to withdraw for personal reasons; and

    10.    Counsel was ineffective for failing to call Henry Barnes because his testimony on behalf of the Commonwealth against Lord Allen contradicted the testimony of Brandon Smith at petitioner's trial; counsel failed to make reasonable objections to each of the facts set out in the grounds of the petition.

On June 23, 2003, petitioner filed a motion to amend the petition, which was granted on July 11, 2003. The amended petition added the following grounds:

    1.    Petitioner has received evidence that Brandon Smith was not charged with conspiracy to commit murder or conspiracy to commit capital murder;

    2.    Brandon Smith was tried in New Kent County, and petitioner lists his case numbers;

    3.    Petitioner was denied his right to a fair trial when the Commonwealth failed to inform the jury that Brandon Smith knew who the shooter was, and the jury had the right to know the prosecutor had disavowed that portion of Smith's testimony;

    4.    The Commonwealth's manipulation of the evidence deprived petitioner of due process and a fair trial; and

    5.    Petitioner's conviction was obtained by the knowing use of false or perjured testimony, rendering petitioner's trial fundamentally unfair and should be set aside.

On December 22, 2003, the Supreme Court dismissed the petition.

On January 29, 2004, petitioner filed a second habeas petition in the Circuit Court for New Kent County, but the petition was dismissed as successive on August 23, 2004. Petitioner did not appeal the decision.

On February 2, 2005, petitioner filed a petition for writ of actual innocence in the Virginia Court of Appeals. Petitioner stated that he is actually innocent of capital murder and conspiracy to commit capital murder and relied on newly discovered evidence consisting of a

3

letter and affidavit by Brandon Smith. On September 16, 2005, an evidentiary hearing was held in the Circuit Court for New Kent County. The trial court found that Smith's recantation was not credible and certified the finding to the Court of Appeals. On January 24, 2006, the appeal was dismissed. Petitioner filed an appeal on February 22, 2006, in the Supreme Court of Virginia, which is pending.

On August 25, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on November 30, 2005, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. Newly discovered evidence demonstrates that he is innocent;

2. He is actually innocent;

3. Counsel was ineffective for failing to call Henry Barnes as a witness;

4. His right to due process was denied because the prosecution called Brandon Smith as a witness knowing he was lying;

5. His double jeopardy right was violated because the Court refused to dismiss the conspiracy charge in light of the capital murder conviction; and

6. The evidence was insufficient to support the conviction.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is a mixed petition, containing both exhausted and unexhausted claims, and should be dismissed as a matter of law. See Rose v. Lundy, 455 U.S. 509 (1982). Claims 3, 4, 5, and 6 were raised either on direct appeal or in petitioner's state habeas petition. However, Claims 1 and 2 are the basis upon which petitioner's petition

for writ of actual innocence are based, and that petition is currently pending in the Supreme Court of Virginia.

The language of 28 U.S.C. § 2254 makes clear that exhaustion of state remedies is a critical element in every habeas action:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

In addressing the issue of exhaustion, the Supreme Court of the United States has said, "the exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). The Court went on to state:

> Rather than increasing the burden on federal courts, strict enforcement of the exhaustion requirement will encourage habeas petitioner to exhaust all of their claims in state court and to present the federal court with a single habeas petition. To the extent that the exhaustion requirement reduces piecemeal litigation, both the courts and the prisoner should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single

>     proceeding, thus providing for a more focused and
>     thorough review.

<u>Id.</u> at 520.

By Order of January 6, 2006, the Court advised petitioner that his petition contained both exhausted and unexhausted claims. Petitioner was ordered to notify the Court of his desire to proceed in one of the following fashions: (1) that he voluntarily withdraw his entire petition until his claims are exhausted, (2) that he voluntarily withdraw the claims as to which there has not been an exhaustion of state remedies, or (3) that he proceed with the present petition in its entirety. Petitioner was advised that if he wished to proceed with the petition in its entirety, the action would likely be dismissed pursuant to the doctrine of <u>Rose v. Lundy</u>.

On January 17, 2006, petitioner responded to the Court's order by stating: "This [C]ourt and Respondent error when this [C]ourt stated that (Claim 1) has not been exhaust[ed]. This [C]ourt needs to look at petitioner's Circuit Court and Supreme Court [h]abeas [c]orpus because petitioner has introduced Brandon Smith['s] letter and Affidavit in both [h]abeas [c]orpus as [e]xhibits so this claim has been exhausted on the state level." (Pet'r Opp. to the Order Sent by the Court at 1.) However, petitioner fails to understand that the unexhausted portion of the present petition does not involved the fact that he has introduced Smith's letter in his state court proceedings. The unexhausted claims involve petitioner's allegations of "actual innocence," which is pending in the Supreme Court of Virginia. The petition is mixed and should be DISMISSED.

6

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. It is further recommended that the Court decline to issue any certificate of appealability required by Rule 22(b) of the Federal Rules of Appellate Procedure.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                       **/s/**
                                                       **James E. Bradberry**
                                                       **United States Magistrate Judge**

**Norfolk, Virginia**

   **March 2**   , 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Dwayne Lamont Johnson, #302205, <u>pro</u> <u>se</u>
    Wallen's Ridge State Prison
    P.O. Box 759
    Big Stone Gap, VA  24210


    Leah Ann Darron, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219


                           Elizabeth H. Paret, Clerk


                        By _____
                               Deputy Clerk

                     _____, 2006